[Sac. No. 122. Department One.—October 16, 1897.]

CHARLES W. POMEROY et al., Respondents, v. HENRY H. BELL et al., Appellants.

VENDOR AND VENDEE—CONTRACT FOR PURCHASE—POSSESSION BY VENDEE—IMPROVEMENTS.—A vendee who takes possession of land, by virtue of the terms of an optional and executory contract for its purchase, does not enter as a tenant within the meaning of section 1019 of the Civil Code. His entry is by reason of the estate in the land which he claims in himself, and the improvements which he makes thereon are made in contemplation of his becoming the owner, and if permanently affixed to the land become a part of the realty as fully as if he were the absolute owner. Such improvements belong to the vendor in case the vendee subsequently declines to comply with his contract of purchase, and the vendee has no right to remove them from the land.

CONTINUANCE OF TRIAL.—The court has the right to impose costs, other than those properly taxable, as a condition for postponing the trial, and to proceed therewith upon the refusal of the party applying for the postponement to comply therewith.

APPEAL from a judgment of the Superior Court of Calaveras County and from an order refusing a new trial. C. V. Gottschalk, Judge.

The facts are stated in the opinion of the court.

F. William Reade, and Frank M. Stone, for Appellants.

F. J. Solinsky, and Reddick & Solinsky, for Respondents.

HARRISON, J.—In April, 1894, the defendant, Bell, entered upon certain lands in the county of Calaveras owned by the plaintiffs and took possession thereof, with their consent, for the purpose of prospecting for gold and mineral ores, under a written agreement, by the terms of which he had the option of purchasing the land for the sum of thirty-five thousand dollars, payable at a future designated day, and while so in possession placed thereon, and permanently affixed to the land, certain buildings, machinery, and fixtures. In September of the same year, and prior to the expiration of the time within which the purchase was to be completed, the defendants commenced to remove from the land the property that had thus been placed upon it. Plaintiffs thereupon commenced the present action to restrain them from so doing. The cause was tried by the court and judgment rendered in favor of the plaintiffs, in accordance with their complaint. The defendants have appealed therefrom, and also from an order denying their motion for a new trial.

The court finds that all of the property placed upon the land by the defendant Bell was permanently attached and affixed to the land, and that it was so affixed by him without any agreement with the plaintiffs, or either of them, permitting him to remove any portion of the same. The property thus became a part of the land (Civ. Code, secs. 658-61), and under the provisions of section 1013 of the Civil Code belonged to the plaintiffs. It is, however, contended by the appellants that Bell was a tenant at will of the plaintiffs, and that the property affixed to the land was in the nature of trade fixtures, and that by virtue of section 1019 of the Civil Code, he was entitled to remove it. Section 1019 is as follows: "A tenant may remove from the demised premises any time during the continuance of his term anything affixed thereto for the purposes of trade, manufacture, or-

nament, or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

One who enters into possession of land under an executory agreement for its purchase does not thereby become the tenant of the vendor, and is not liable for the use and occupation of the premises. "An executory contract for the sale of land, which gives the purchaser a right to enter and possess the premises until default in payment of the purchase money, does not establish the relation of landlord and tenant where there is no reservation of rent fixed in the contract." (12 Am. & Eng. Ency. of Law, 662, and cases cited.) "Nor will the relation of landlord and tenant be inferred from occupation, if the relative position of the parties to each other can, under all the circumstances of the case, be referred to any other distinct cause. As, for instance, between a vendor and vendee of land, where the purchaser is to have possession until the agreement for purchase is completed or rescinded; for possession was evidently taken in such case with the understanding of both parties that the occupant should be owner, and not tenant." (Taylor on Landlord and Tenant, sec. 25.)

In the absence of any terms in the agreement limiting the time for such occupation, the right of the occupant is a bare license which is determinable at the will of the vendor; and when, by the terms of the agreement, he has the right to occupy the premises until the expiration of the time within which his purchase is to be completed, his occupancy is not permissive, but is by virtue of the contract under which he is to become the owner, and by which he is in equity held to be the owner. (*Willis v. Wozencraft,* 22 Cal. 616.) Until the expiration of the time limited for the completion of the contract, and so long as the contract remains in full force, he cannot be compelled to surrender the possession, or to pay for the use and occupation of the premises. Upon a rescission of the contract, or upon default on the part of the vendee in complying with its terms, he is sometimes termed a *quasi* tenant at will, for the purpose of recovering possession by the vendor. His entry having been lawful, and not for any definite term, or with any liability for rent, he has been held in some cases entitled to a demand for possession before his holding can be deemed unlawful. (*Blum v. Robertson,* 24

Cal. 145; *Frisbie v. Price*, 27 Cal. 253; *Simpson v. Applegate*, 75 Cal. 345.)

The principle upon which a tenant is permitted to remove from the land demised to him trade fixtures that he has placed thereon is that, as he has hired the land in order that he may occupy it for use, and has paid for such use and occupation, it is but equitable that he should be permitted to remove the structures that he may have placed thereon for the very purpose of enabling him to enjoy the use for which he hired the land. (*Wall v. Hinds*, 4 Gray, 270; 64 Am. Dec. 64.) This principle, however, has no application to the occupancy of the land by a vendee who takes possession by virtue of the terms of an executory contract for its purchase. His entry is by reason of the estate in the land which he claims in himself and the improvements which he makes thereon are made in contemplation of his becoming the owner, and if permanently affixed to the land become a part of the realty as fully as if he were the absolute owner. They, therefore, belong to the vendor in case he subsequently declines to comply with his contract of purchase, and he has no right to remove them from the land. (*King v. Johnson*, 7 Gray, 239; *Westgate v. Wixon*, 128 Mass. 304; *Lapham v. Norton*, 71 Me. 83.)

The court did not err in imposing the payment of seventy-five dollars as a condition for postponing the trial of the action, or from proceeding with the trial upon the refusal of the defendants to comply with this condition. The cause had been set down for trial upon that day with the consent of the defendants, and witnesses had been subpoenaed on behalf of the plaintiffs and were in attendance in court at that time, and one of the plaintiffs had himself gone from Los Angeles to Calaveras county to attend the trial. The record does not contain a copy of the bill of costs incurred by the plaintiffs, and we cannot say that the amount required to be paid was excessive. The court was not limited to requiring a payment of the taxable costs as the condition of postponing the trial, but was at liberty to exercise a reasonable discretion for the purpose of compensating the plaintiff for the expenses incurred in preparing for the trial.

The judgment and order are affirmed.

Van Fleet, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment. There is an express finding of the court that the parties did not occupy the relation of landlord and tenant at the time the mill, etc., were erected on the land. This finding is not attacked by any specification in the statement on motion for new trial, and there is no admission in the pleadings, or other finding of the court, which invalidates it. It must therefore be accepted as a fact established, and is conclusive of the case. If we were permitted to look to the evidence, and especially to some of the terms of the written agreement under which the defendant entered, I should be inclined to hold that he was a tenant within the meaning of section 1019 of the Civil Code.