[Civ. No. 741.    Third Appellate District.—August 4, 1910.]

JAMES E. CONDE and MRS. JAMES E. CONDE, Respondents, v. WILLIAM SWEENEY, Sheriff of Tuolumne County, Appellant.

INJUNCTION—CONTRACT TO SELL MINES—IMPROVEMENTS BY VENDEE MADE PART OF REALTY—ATTACHMENT BY CREDITORS OF VENDEE—PLEADING—CAUSE OF ACTION.—A complaint to restrain a sheriff from levying a writ of attachment upon improvements to mines made by a vendee under a contract of sale thereof, which alleges that by the terms of the contract all improvements erected by the vendee were to be the property of the vendors until the whole purchase money was paid for by the vendee "in accordance with the terms of the said agreement," though it would be more satisfactory had it set forth in full the terms of the agreement, yet the complaint is sufficient to justify a restraining order pending the hearing for an injunction.

ID.—PRESUMPTION OF PROOF OF AGREEMENT AT HEARING.—Presumably the agreement of sale, when introduced at the hearing, though not set forth in the complaint or answer, supported the plaintiff's averments in relation thereto.

ID.—RIGHTS OF COMPANY AS VENDEE OF MINES.—The right of the mining company as vendee of the mines, under the contract of sale, was a right to prospect and develop the mines. It had no right to commit waste or remove from its situs that which constituted a part of the realty, other than ore bodies or minerals, or to make such use of timber and the like as might be necessary in the working of the mines.

ID.—RIGHTS OF CREDITOR OF VENDEE.—Obviously, no creditor of the vendee has any greater right than that possessed by the vendee; and when improvements by the terms of the contract of sale belong to the vendors no creditor of the vendee can reach them by attachment, where the vendee has not acquired the legal title from the vendors.

ID.—PROVISION FOR TITLE TO FIXTURES IN VENDOR NOT UNREASONABLE. There was nothing unreasonable in the provision in the agreement by which the vendors had the privilege that whatever fixtures the vendee found necessary to affix to the land should thereupon become the property of the vendors, unless the company vendee made full payment for the mines at the time stipulated.

ID.—LOSS OF RIGHTS OF VENDEE—INJUNCTION—EVIDENCE—PRESUMPTION UPON APPEAL.—Where it appears that all rights of the company as vendee to make the purchase had 'expired before the injunction against the attachment was granted, and there is no pretense that it complied, or offered to comply, with the contract of purchase, and the case was heard upon oral and documentary evidence, which is not brought up upon appeal from the order granting the injunction, it must be presumed that the evidence is sufficient to support the order granting it.

ID.—RESULT OF TRIAL—AFFIRMANCE OF ORDER.—Though this court cannot act alone upon the statement of respondent in his brief that, since the injunction order appealed from was heard and determined, "the case has been tried on its merits, findings of facts and conclusions of law were duly made, and judgment entered for plaintiffs," which is not denied, although such fact, if true, would avail appellant nothing to prevail on this appeal; yet, regardless of this fact, the order appealed from should be affirmed.

APPEAL from an order of the Superior Court of Tuolumne County granting an injunction to restrain the levy of a writ of attachment. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. B. Curtin, for Appellant.

Street & Street, and F. P. Otis, for Respondents.

CHIPMAN, P. J.—This is an action to restrain the defendant from levying a writ of attachment. In their complaint the plaintiffs alleged ownership and possession of certain quartz mining claims, known as the Dreisam mines, "together with all the fixtures and all other machinery and tools used in working and developing said mines"; that on June 15, 1908, plaintiffs entered into a written agreement with the Parlin Gold Mining Company, whereby plaintiffs agreed to sell said mines to said company for a certain sum, which was to be paid on or before May 1, 1909; that for a consideration the time of payment was extended to September 1, 1909; that,

about June 15, 1908, said company entered "in and upon said mines and proceeded to work and develop the same, and in the working and developing of said mines placed and used thereon certain electrical machinery," being certain motors, lighting transformer and pump, fully described; "that by the terms of said agreement all machinery and tools used by the Parlin Gold Mining Company in the working and development of said mines became, have been and now are fixtures attached to said mines, and ever since said motors and electrical machinery have been placed upon and used in the working and development of said mines have been and now are the property of said plaintiffs until said mines shall have been fully paid for by said Parlin Gold Mining Company in accordance with the terms of said agreement"; that, on August 29, 1909, defendant, as sheriff, by virtue of a writ of attachment issued out of the superior court of Tuolumne county, in an action wherein one Claytor is plaintiff and the Parlin Mining Company, a corporation, is defendant, levied upon said property and "did commence the moving of said electric motors, lighting transformer and electric pump from said Dreisam Mines," and said defendant, as such sheriff, threatens to continue the removal of said machinery "from off said property, all of which will cause these plaintiffs great and irreparable injury. That it is necessary that defendant be restrained from moving from said mines said electric motors and electrical machinery to prevent a multiplicity of judicial proceedings." Plaintiffs pray that defendant be restrained from levying upon said property and machinery, "and from interfering with or taking or removing any of said machinery from said Dreisam Mines to which they are now affixed," and for further relief.

The complaint was filed on August 30, 1909, and on the same day the court made its restraining order and fixed the hearing for September 3, 1909, at which time, by consent of the parties, the order to show cause and time in which defendant was to plead was continued to September 24, 1909, at which time defendant filed a general demurrer, a motion to dissolve the restraining order on the ground that the complaint does not show sufficient facts to justify the restraining order, and also filed an answer to the complaint. On September 25, 1909, and before the hearing, plaintiffs served and filed a supplemental

complaint alleging that they are now, and during all the
times mentioned therein they have been, the owners of said
mining property and said electrical machinery, and, that since
September 1, 1909, and after the filing of the original com-
plaint, the agreement set forth in plaintiffs' complaint ex-
pired and terminated, and the deed placed in escrow . . .
has been withdrawn by plaintiffs, and the said company now
has no right, title or interest in said described mines; that
defendant threatens to remove from said mines said machin-
ery described in said original complaint, and such removal
will work great and irreparable injury to plaintiffs. On
October 4, 1909, defendant served and filed his answer to said
supplemental complaint, and on October 8, 1909, the court
made its minute order denying defendant's motion to dis-
solve the restraining order, and granted the injunction, upon
plaintiffs giving bond for $500. The formal order was made
October 9, 1909, and recites that the hearing came on regu-
larly September 24, 1909, "and after the introduction of oral
and documentary evidence the hearing was continued for
argument until Monday, the twenty-seventh day of Septem-
ber, 1909, and on said date said matter was duly argued by
the respective counsel and submitted to the court for its
decision."

In his answer to the original complaint defendant denies,
on information and belief, most of its averments. Likewise
he denies the averments of the supplemental complaint, on
information and belief; admits that he threatens to remove
from said mines said fixtures as set forth in plaintiffs' original
complaint, but denies that it will work great or irreparable
injury; avers that he is acting in obedience to a writ of at-
tachment in an action wherein one Claytor is plaintiff and
Parlin Mining Company is defendant, as alleged in the orig-
inal complaint.

Defendant appeals from the order "granting plaintiff an in-
junction *pendente lite,* as prayed for in the complaint";
claiming that neither the order denying the motion to dissolve
the restraining order nor the order granting the injunction
should have been made, for the reason that there was no
sufficient showing made in the complaint.

The complaint alleged that the property which defendant
threatened to remove had become fixtures to the realty and

part thereof, and that, by the terms of the agreement, it was to belong to plaintiffs, as did the other realty, "until said mines shall have been fully paid for by the said Parlin Gold Mining Company in accordance with the terms of the said agreement." Presumably, the agreement, when introduced at the hearing (it was not set forth in the complaint or answer) supported plaintiffs' averments. It would have been more satisfactory had the complaint set forth the agreement in terms so as to have shown from its face that the averments of the complaint were thereby supported, but we think there were sufficient facts alleged to justify the restraining order pending the hearing.

It is argued by appellant that the Parlin Gold Mining Company had the right of possession and the right of property until September 1, 1909, subject to payment of the full purchase price of the property on that day, and, hence, plaintiffs had no rights therein until after that date. But the right of the company was a right to prospect and develop the mines; it had no right to commit waste or remove from its situs that which constituted a part of the realty, other than ore bodies or minerals, or to make such use of timber and the like as might be necessary in the working of said mines. Obviously, no creditor had any greater right. Appellant cites *Miller* v. *Waddington*, 91 Cal. 380, [27 Pac. 751], which was an action by the vendor for trespass committed by the vendee, under a contract of sale of land. The court there likened the relation to that of a mortgagor and mortgagee, and it was said: "By parity of reasoning the vendor who holds the legal title as security for the fulfillment of the contract of purchase by the vendee in possession should show that he will sustain some injury before he can maintain an action like the present. So long as the sufficiency of the security is unimpaired, he has no right to disturb the vendee in any use or enjoyment which he may make of the land." Suppose the case of the vendee going into possession under an agreement, as part consideration, to make certain improvements—erect a dwelling-house on the land, for example. Would it be contended that he could remove the house or that his creditors could remove it under attachment before completing his purchase? In such a case the dwelling, having become a part of the realty and by so much having increased its value, to re-

move it would impair the value of the freehold, just as effectually as if the dwelling had been placed there by the vendor before the sale. (See *Pomeroy* v. *Bell*, 118 Cal. 635, [50 Pac. 683].) Here the vendee had the right to work as well as to develop the mine, extract ores and appropriate the proceeds. There was nothing unreasonable in the provision of the agreement by which it had this privilege, that whatever fixtures it found necessary to affix to the land should thereupon become the property of plaintiffs, unless the company made full payment for the mines at the time stipulated. The injunction was granted after the expiration of the company's right to purchase, and there is no pretense that it complied with, or offered to comply with, the terms of its contract to purchase. The cause was heard upon oral and documentary evidence. The evidence is not brought up, and it must be presumed that it was sufficient to support the judgment.

Respondents state in their brief that since this motion was heard and determined, "the case has been tried on its merits, findings of fact and conclusions of law were duly made, and judgment entered in favor of plaintiffs." This is not denied. We cannot act upon this statement alone, but if it be true, it would avail appellant nothing should he prevail on this appeal. Regardless, however, of this fact, we think the order should be affirmed, and it is so ordered.

Hart, J., and Burnett, J., concurred.