### In re DERMER.

### WATTERS v. DUNN et al.

### No. 2670.

District Court, S. D. California, N. D. Nov. 16, 1931.

Elmore Winkler, of Fresno, Cal., for trustee.

Theodore M. Stuart, of Fresno, Cal., for respondents.

COSGRAVE, District Judge.

On September 29, 1925, the owners of certain real property in the city of Fresno made an executory contract of sale whereby they

agreed to sell to Henry Dermer, the bankrupt, the property in question for a price of $185,000, which sum the buyer, Dermer, agreed to pay in annual installments, with interest, and, on completion of such payments as provided in the agreement, the owners, being the vendors named in the contract, agreed to execute to the buyer a deed conveying title to the premises. The agreement provided, among other things, that the vendee should be entitled to the possession of the premises so long as he complied with its terms; that on his default in making any of the specified payments when due the vendors might consider the contract immediately terminated, re-enter and take possession of the premises, and remove all persons therefrom, and all rights of the vendee under the contract should be terminated, or, upon such default of the vendee, they might take such other action as they might deem advisable. It was further provided that time was of the essence of the agreement.

Dermer, already in possession of the property through subtenants under a lease to him, continued in possession under the agreement of sale, and made several payments as provided therein. He was adjudged bankrupt on June 19, 1930, and W. O. Watters was appointed trustee in bankruptcy on September 15th following. An installment of the purchase price, together with interest falling due on September 29, 1930, notice of the same with demand for its payment, was given the trustee by the vendors on September 20th. On September 29th the trustee filed with the referee his petition for an order to sell the property free of liens, the order being made returnable on October 11th.

The installment due on September 29th was not paid, and on the following day, September 30th, the vendors gave the trustee a written notice stating the default in payment of the installment due on the 29th, and that, by reason of the fact that an order to show cause on the trustee's application to sell the bankrupt's interest under the contract had been issued, it was shown that the bankrupt did not intend to make any further payments due under the contract, and, since possession of the property had not been redelivered to the vendors, the latter now claim the right of possession of the property and the rents from and after that date as their own property.

The application of the trustee to sell the property free of liens was abandoned, and possession of the premises was relinquished by the trustee to the vendors on October 30th.

Later in an action brought by the vendors to quiet their title against the trustee, the latter, under order of the bankruptcy court, disclaimed any interest in the property.

As suggested, the property was not personally occupied by the bankrupt, but leased to his subtenants. The October rent amounting to $2,000 was paid by the subtenants into the bankruptcy court under agreement of the parties to await the determination of this proceeding. The vendors filed their claim for the rent with the referee. This claim was opposed by the trustee, claiming the same as the property of the bankrupt estate. The referee ordered the money paid to the vendors, and the matter is before this court on the exceptions of the trustee to such order and petition for review of the same.

■■ By the terms of the contract of sale, the vendee expressly agrees that he will make the payments as provided therein. He is entitled to occupy the premises so long as he complies with his agreement. In case of his default, the vendors may consider the contract terminated, and may re-enter the premises, take possession, and remove all persons therefrom, whereupon all rights of the vendee shall terminate and the element of time is made of the essence of the contract. He did make such default, and the vendors promptly claimed right of possession and claimed the rents. It is true they did not expressly terminate the contract, but such must be held the effect of the notice which, reciting the default, claims the right of possession together with the rents on behalf of the vendors as their own property. It is stated arguendo that, because the trustee has filed a petition for an order to sell the property free of liens, it is shown that the bankrupt estate does not intend to make any further payments. It is not at all clear why such action should be taken as an indication that the bankrupt did not intend to make further payments rather than that he did, since by making such payments he would preserve his interest in the property he sought permission to sell. The inclusion of such a statement does not militate against or lessen the effect of the notice itself and declaration of the vendors. The fact on which the vendors base their demand existed and is recited in the notice; namely, the default in payment of the required installment.

An application to sell therefore could not diminish the right enjoyed by the vendors under the contract, that is, to recover possession of the premises immediately on default of the vendee.

It is clear, therefore, that under the express terms of the contract and demand by the vendors they were entitled to possession of the property from and after September 29th. Skookum Oil Co. v. Thomas, 162 Cal. 539, 123 P. 363. Possession thereafter by the trustee, having only the rights of the vendee, was tortious. Gervaise v. Brookins, 156 Cal. 103, 103 P. 329; Pomeroy v. Bell, 118 Cal. 635, 637, 50 P. 683; 25 Cal. Jur. 695. Being entitled to possession and deprived of the same, vendors were entitled to the rental value. 25 Cal. Jur. 686; California Delta Farms, Inc., v. Chinese American Farms, 204 Cal. 524, 269 P. 443.

Argument is made on behalf of the trustee that the relation of landlord and tenant does not exist between the parties either before or after the breach of the contract, and he calls attention to the fact that the provision creating such relationship after default is not contained in the contract itself, and for this reason the rent is not recoverable. It is doubtless true that, if the contract provided that such relationship should exist after default, then the vendors would be entitled to the rent. The right given the landlord by contract to collect rent in such case is not greater, however, than the right of the owner against one holding tortious possession in defiance of his rights.

Exceptions to the order of the referee on behalf of the trustee should be disallowed, and the referee's order affirmed. It is so ordered.