[Civ. No. 1188. Fourth Appellate District.—July 21, 1936.]

OAKLEY COMPANY (a Corporation), Respondent, v. MAUDE R. L. BUTLER et al., Defendants; G. D. BUTLER, Appellant.

Kendall B. Perkins and Smith & Perkins for Appellant.

Nicholas W. Hacker for Respondent.

TURRENTINE, J., *pro tem.*—On April 24, 1930, plaintiff entered into a contract with defendant Maude R. L. Butler wherein plaintiff was vendor and Maude R. L. Butler was vendee, for certain vacant land comprising city lots in the city of Westmoreland. Title was retained in the vendor, the vendee going into possession upon the execution of the contract. Vendee made a small down payment on the purchase price and agreed to pay the balance in monthly instalments. On December 1, 1930, the vendee under the contract leased the property to her husband, G. D. Butler, for a term of years on a monthly rental basis. This lease permitted the lessee to erect buildings and to make improvements, which buildings and improvements when erected were to constitute trade fixtures. The lessee made certain improvements consisting of a garage with a concrete floor and certain other smaller buildings, and certain gasoline service station equipment. Thereafter the original vendee under the contract defaulted and this action was brought by plaintiff to foreclose the contract of sale as against Maude R. L. Butler and to quiet plaintiff's title as against the other defendants. The defendant Hammond Lumber Company, a corporation, claimed a mechanic's lien on the property on account of lumber and supplies sold to defendant G. D. Butler and by him

used in the construction and erection of the garage and buildings. Plaintiff was not a party to the lease between Maude R. L. Butler and G. D. Butler nor did it consent to its execution nor have any knowledge of its terms and conditions until after the improvements were erected. The defendant Maude R. L. Butler defaulted and the defendant G. D. Butler answered claiming the buildings and improvements to be trade fixtures and consequently personal property which he had a right to remove. The trial court found that the improvements were fixtures and became a part of the realty, and gave judgment for plaintiff. The trial court, however, sustained the validity of the mechanic's lien asserted by the Hammond Lumber Company and quieted plaintiff's title to the property subject to the mechanic's lien, which lien will have to be paid off by the plaintiff. The defendant G. D. Butler appeals.

■ The question as to whether or not property affixed to real estate becomes a part of the real estate is ordinarily a question of fact to be determined by the trial court from all of the evidence in the case. "A thing is deemed to be affixed to land when . . . it is imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to that which is thus permanent, as by means of cement, plaster, nails, bolts, or screws; . . . " (Civ. Code, sec. 660.) "When a person affixes his property to the land of another, without an agreement permitting him to remove it, the thing affixed, except as provided in section ten hundred and nineteen, belongs to the owner of the land, unless he chooses to require the former to remove it." (Civ. Code, sec. 1013.) In *Andrews* v. *First Realty Corp.,* 6 Cal. App. (2d) 407 [44 Pac. (2d) 628], it is said: "The question whether the property involved in this case became a fixture or remained personal property is a question of fact to be determined by the fact finder upon all the facts and circumstances in evidence bearing upon the question. It is the duty of this court on appeal to view the evidence in the light most favorable to the respondent; and if we find any substantial evidence to sustain the findings of the trial court it is our duty not to disturb such findings."

■ Since the decision of *Pomeroy* v. *Bell,* 118 Cal. 635 [50 Pac. 683], we think it has consistently been held that "one who enters into possession of land under an executory agreement

for its purchase does not thereby become the tenant of the vendor. . . . The principle upon which a tenant is permitted to remove from the land demised to him trade fixtures that he has placed thereon is that, as he has hired the land in order that he may occupy it for use, and has paid for such use and occupation, it is but equitable that he should be permitted to remove the structures that he may have placed thereon for the very purpose of enabling him to enjoy the use for which he hired the land. (*Wall* v. *Hinds,* 4 Gray (Mass.), 256, 270 [64 Am. Dec. 64].) This principle, however, has no application to the occupancy of the land by a vendee who takes possession by virtue of the terms of an executory contract for its purchase. His entry is by reason of the estate in the land which he claims in himself and the improvements which he makes thereon are made in contemplation of his becoming the owner, and if permanently affixed to the land become a part of the realty as fully as if he were the absolute owner. They, therefore, belong to the vendor in case he subsequently declines to comply with his contract of purchase, and he has no right to remove them from the land. (*King* v. *Johnson,* 7 Gray (Mass.), 239; *Westgate* v. *Wixon,* 128 Mass. 304; *Lapham* v. *Norton,* 71 Me. 83.)''

In *Bacigalupi* v. *Western Machinery Co.,* 135 Cal. App. 242 [26 Pac. (2d) 701], it is said: ''It is settled as the law of this state that when an owner contracts to sell a mine, without specifically authorizing the removal of machinery, fixtures or improvements which are installed by the vendee and which are permanently attached thereto, in the event of abandoning the mine or forfeiting the contract, such fixtures become a part of the realty and may not be detached or removed by the vendee. (Civ. Code, sec. 661; *Conde* v. *Sweeney,* 16 Cal. App. 157 [116 Pac. 319]; *Pomeroy* v. *Bell,* 118 Cal. 635 [50 Pac. 683]; *Southern Pacific Land Co.* v. *Kiggins,* 110 Cal. App. 56 [293 Pac. 708]; *Wooton* v. *McAdoo,* 110 Cal. App. 48 [293 Pac. 694]; *Brush* v. *Bohan & Co.,* 102 Cal. App. 457 [283 Pac. 126].)''

It is obvious that the lessee of the vendee stands in the same shoes as the vendee.

Appellant relies on a number of cases wherein the relation of landlord and tenant or conditional sales contract of personal property exists. No such relation appears here

and the controlling distinction is clearly pointed out in the quotation from *Pomeroy* v. *Bell, supra.*

The trial court reached a correct solution in this case and the judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1936.