[L. A. No. 2208.  In Bank.—July 7, 1909.]

ALBERTA GERVAISE, Executrix of the Will of Lillian Mae Book, Deceased, Respondent, v. GEORGE W. BROOKINS, Appellant.

VENDOR AND VENDEE—AGREEMENT FOR TITLE CLEAR OF ENCUMBRANCES— TITLE IN FEE.—A vendor under a contract of sale of land who "agrees to sell" to the vendee "all his right, title and interest in" the land, and that, upon payment of the full price, he will "execute a deed of grant, bargain and sale of said lots (describing them) free and clear of all encumbrances," is bound to convey to the vendee, upon payment, a good title in fee to the lots.

ID.—PAYMENT OF PURCHASE PRICE—OPTION OF VENDEE TO ACCELERATE PAYMENT—CONDITIONAL TENDER—CONCURRENT CONDITION.—Where such contract provided that the vendee might at his option make payments of the deferred installments of the purchase price on or before the dates specified, he had the right to declare the balance of the price due and to make an offer of full performance at any time, and the right to make his own offer of payment dependent on the performance by the vendor of the concurrent condition of the execution of a conveyance of the title.

ID.—VENDEE IN POSSESSION—FAILURE OF VENDOR'S TITLE—VENDEE CANNOT CONTINUE IN POSSESSION WITHOUT PAYING PRICE.—A vendee in possession of land, under a contract which entitles him to a conveyance of the fee thereof and to remain in possession only so long as he makes the payments of the purchase price as agreed, who has paid a substantial part of the price and made valuable improvements on the land and is able, willing, and ready, and has offered

to pay the balance upon receipt of a good title, but who does not wish to rescind and refuses to make further payments except on condition that he receives a good title, is not entitled to remain in possession against the vendor who has no title and is unable to transfer it. The failure of the title does not give the vendee the right to continue in possession by merely keeping good an offer to perform on his part conditioned upon performance by the vendor.

ID.—VENDEE ESTOPPED TO DENY VENDOR'S TITLE—ASSIGNEE OF VENDEE —EJECTMENT BY VENDOR.—Under such a contract, the vendee in possession holds as a licensee, and cannot dispute the title of the vendor, and the assignee of the vendee is as much bound by the estoppel as the vendee himself. Upon default in the payment of any installment of the purchase price, the possession becomes tortious and the vendor may at once bring ejectment.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, for Appellant.

W. C. Batcheller, for Respondent.

SHAW, J.—This is an appeal from a judgment, which, it is claimed, is not supported by the findings.

The action was begun by Lillian M. Book to recover possession of three lots of land and damages for the withholding thereof. The defendant claims the right of possession under a contract for the sale of said land by one W. P. Book, to Brookins and one Kirkwood. After the execution of the contract, W. P. Book conveyed to Lillian M. Book all his interest in the land, and transferred to her all his rights under the said contract for the sale thereof, and Kirkwood transferred all his rights under the contract of purchase to Brookins. Upon the death of Lillian M. Book, pending the action, the present plaintiff was substituted in her place.

The transfer from Kirkwood to Brookins occurred soon after the execution of the contract. Brookins took possession immediately, as the contract provides. The complaint alleges that Brookins failed and refused to pay the balance of the agreed price when due, that plaintiff, Lillian M. Book, thereupon demanded possession of the lots, which Brookins refused to yield, and that he still holds possession thereof.

The right of the plaintiff to recover possession is based on the alleged failure and refusal of Brookins to pay the price specified in the contract of sale.

The contract was made on February 3, 1900. The price for the lots sold was therein fixed at fifteen thousand dollars, of which three thousand dollars was paid on April 15, 1900, and notes were given for the remaining twelve thousand dollars. There were ten notes, each for twelve hundred dollars, payable respectively on or before the fifteenth day of April of each year for ten consecutive years, beginning with the year 1901. Brookins paid the three installments falling due in the years 1901, 1902, and 1903, and interest amounting to $1944, making in all $8544 which he paid upon the price, leaving eighty-four hundred dollars with accruing interest unpaid. Prior to the time of making the contract of sale, W. P. Book had conveyed the land to the Rex Oil Company. Neither he nor Lillian M. Book ever afterwards acquired or possessed any title thereto. The contract states that Book "agrees to sell" to the vendees, "all his right, title and interest in" the lots, and that, upon payment of the full price, he will "execute a deed of grant, bargain and sale of said lots (describing them) free and clear of all encumbrances." The effect of these provisions is that Book was bound to convey to the vendees, upon payment, a good title in fee to the lots. (*Easton* v. *Montgomery,* 90 Cal. 314, [25 Am. St. Rep. 123, 27 Pac. 280]; *Wilcox* v. *Lattin,* 93 Cal. 594, [29 Pac. 226].) Brookins did not discover the want of title until after the payment of April 15, 1903, was made. The transfer to Lillian M. Book occurred prior to January 1, 1904. The contract further provides that the vendees "shall only be entitled to remain in possession of said premises so long as they make the payments as agreed."

Brookins has not unconditionally refused to make the payments. Before the installment of 1904 became due, Lillian M. Book told him that she did not expect him to make further payments until she could secure title or arrange to have the same conveyed to him. He thereupon offered to pay all the notes immediately, upon the condition that he should, concurrently, receive a conveyance of the land transferring to him the title therein, and he refused to make any payment, except upon that condition. Each installment being made

payable on or before the date named, at his option, he had the right to declare it all due and to make an offer of full performance at any time. He was entitled to the performance of this concurrent condition and he had a right to make his own offer dependent thereon. (Civ. Code, sec. 1498.) He was then, and ever since has been, ready, able, and willing, to pay the whole price upon the condition stated. His offer was therefore a good offer of performance under the law and the contract, and he is not in default unless he has become so by reason of his retaining possession while refusing to make payments and accept such title as his vendor can give. On August 4, 1904, after the defendant's offer was made, she demanded of him the immediate possession of the land, basing that demand upon his refusal to pay. She did not offer to comply with the demand that she convey the title, nor did she offer to rescind the contract and return the money previously paid upon the price. Prior to the discovery of the want of title, Brookins had made improvements on the land, of the value of three thousand dollars. The land has increased in value since the purchase and ever since April, 1904, it has been worth thirty thousand dollars, including the improvements.

The case depends upon the law as to the rights of a vendee in possession of land, under a contract which entitles him to a conveyance of the fee thereof, who has paid a substantial part of the price, and who is able, ready, and willing to pay the whole thereof upon receipt of a good title, and who has made an offer to do so, against the vendor who has no title and who is unable to transfer the title, where the vendee does not wish to rescind, but refuses to pay except upon condition that he receives a good title, the contract providing that he can remain in possession only so long as he makes the payments as agreed.

It appears to be well established that, under such circumstances, the vendee cannot retain possession of the land, while neglecting to pay the price when due, and that the failure of the title does not give him the right to continue in possession by merely keeping good an offer to perform on his part conditioned upon performance by the vendor. The reasons for this rule are thus stated by the supreme court of the United States in *Burnett* v. *Caldwell,* 9 Wall. (U. S.) 293: "If the

contract stipulates for possession by the vendee, or the vendor puts him into possession, he holds as a licensee. . . . The case comes within the category of a license. In such cases, the vendee cannot dispute the title of the vendor any more than the lessee can question the title of his lessor. The assignee of the vendee is as much bound by the estoppel as the vendee himself. Upon default in the payment of any installment of the purchase money, the possession becomes tortious and the vendor may at once bring ejectment." In that case the court further held that the fact of want of title in the vendor, and the fact that the vendee had paid a large part of the price, were alike immaterial as defenses to an action of ejectment by the vendor.

These principles have been many times affirmed in this state. In *Hoen* v. *Simmons,* 1 Cal. 120, [52 Am. Dec. 291], an action by the vendor of land against the vendee, for possession, the court says: "The defendants, having entered into possession, claiming under the plaintiff and in subordination to his title, are estopped from questioning it." The same rule is stated in *Ellis* v. *Jeans,* 7 Cal. 416; *Walker* v. *Sedgwick,* 8 Cal. 402; *O'Keiffe* v. *Cunningham,* 9 Cal. 690; *Hicks* v. *Lovell,* 64 Cal. 20, [49 Am. Rep. 679, 27 Pac. 942]; *Coates* v. *Cleaves,* 92 Cal. 430, [28 Pac. 580], and *McLeod* v. *Barnum,* 131 Cal. 608, [63 Pac. 924]. In *Hicks* v. *Lovell,* an action by the vendor against the vendee to recover possession of the land, the defendant, as to one of the parcels of land in controversy, had entered under a contract of sale with the plaintiff and "was ready and able to perform his agreement whenever he could have a good and sufficient deed of conveyance of said lands; but as the plaintiff had no title to the same he could not comply with the agreement on his part." The defendant asked that the contract be canceled, the effect of which would be to leave him in possession. With regard to this the court says: "By his own showing he abandoned the purchase of one of the contracts, and disclaimed the title of his vendor; but having entered into possession under the title and in subordination to it, he was estopped from denying it," and proceeds to hold that the want of title in the vendor is no defense. In *Rhorer* v. *Bila,* 83 Cal. 54, [23 Pac. 275], upon similar facts the court says: "A purchaser cannot remain in possession of lands under a contract and at the

same time refuse to pay the purchase price. . . . So long as the purchaser retains possession he waives all previous objections, whether of defect of title or delay in completing it; and is bound to accept title according to the terms of the contract if offered while he still retains possession." In *Gates* v. *McLean,* 70 Cal. 50, [11 Pac. 492, 493], the court says: "Even where the contract provides for the vendee taking possession, the remedy of the purchaser, where the title of the vendor fails, or he is unable to make conveyance as stipulated in the contract, is to rescind the contract, or offer to, and to restore the possession, in which case he may recover the purchase money advanced and the interest, together with the value of his improvements, deducting therefrom such sum as the use of the premises may reasonably have been worth. If, on the other hand, the purchaser chooses not to rescind, but to retain possession under the contract, he can do so only on the condition that he pays the purchase money and interest according to the contract. In the latter case, it is considered that he is willing to receive such title as the vendor is able to give." This doctrine is also approved in *Garvey* v. *Lashells,* 151 Cal. 531, [91 Pac. 498]; *Keller* v. *Lewis,* 53 Cal. 118; *Haynes* v. *White,* 55 Cal. 41; *Central P. Co.* v. *Mudd,* 59 Cal. 590; *Whittier* v. *Stege,* 61 Cal. 241; *Hannan* v. *McNickle,* 82 Cal. 126, [23 Pac. 271]; *Worley* v. *Nethercott,* 91 Cal. 517, [25 Am. St. Rep. 209, 27 Pac. 767; *Hill* v. *Den,* 121 Cal. 46, [53 Pac. 642]; *Haile* v. *Smith,* 128 Cal. 419, [60 Pac. 1032].

These doctrines dispose of the case. Brookins is estopped from denying the title of Book while he retains the possession which he obtained from Book in pursuance of the contract of sale. Hence, he cannot set up the want of title as an excuse for non-performance on his part. The proffered defense to the action for possession, founded on the failure and inability of the vendor's successor in interest to comply with Brookins's demand for a good title, must be disregarded, because of the fact that he received his possession from Book, from whose successor he would now withhold it. His retention of the possession thus received binds him to pay the price and accept the vendor's title, such as it is.

It is claimed that the decision in *Haile* v. *Smith,* 113 Cal. 659, [45 Pac. 872], is made upon facts identical with those here presented, and that it lays down a rule which would

require a judgment in favor of Brookins in this case. The facts are similar to those here involved, except in one important particular,—namely, the want of title in the vendor. That case was twice before this court, the first decision being in 113 Cal. 659, [45 Pac. 872], and the second in 128 Cal. 417, [60 Pac. 1032]. The decision in the first case did not present the question of the vendor's title or want of title. It disposed of the case upon the theory that the title of the vendor was good, that the vendee was willing to accept it and had offered full payment, and demanded a conveyance according to the contract, that this had been refused by the vendor, and that the vendee continued able, ready, and willing to pay, upon receipt of the vendor's deed. Under such circumstances, it was said, the unaccepted tender of the vendee released the lands from any further claim by the vendor and remitted him to an action for the recovery of the balance of the price, and that the vendee, so long as he stood thus able, ready, and willing to pay the money *and accept the title,* could retain possession of the land and insist upon performance by the vendor. This decision goes so far as to hold that this release of the land from the vendor's claims is final, and that a subsequent tender of a conveyance by the vendor, with a demand of payment and a refusal by the vendee to pay and accept the deed, would not revive the right of the vendor to recover possession. This remark was *obiter* and it is not necessary to approve it here. The opinion expressly declares that the question of the effect of the want of title in the vendor, or of a refusal by the vendee to accept his title, is not involved. In the decision upon the second appeal (128 Cal. 417, [60 Pac. 1032]) the question of want of title in the vendor was directly presented and the doctrines set forth in the quotations from the opinions heretofore given were fully approved.

The defendant complains that this would leave him divested of possession and with no remedy for the recovery of the money expended by him in payments upon the price and in the improvements upon the land. We cannot perceive that this misfortune in which he is placed can affect the legal propositions we have stated. The query might arise whether he may not have a lien on such estate as the vendor, or his successor, possessed in the land, for the securing of the repayment of

the money expended, or that by lapse of time since he got possession, and the continuation of that possession adversely to the Rex Oil Company, it may be that the title of Lillian M. Book, his possession inuring to her benefit, may now have become good; but these questions are not involved and must remain unanswered. We can decide only the case before us. The defendant must find his own way out of the difficulty without repudiating the authority upon which he obtained his possession.

The judgment is affirmed.

Sloss, J., Melvin, J., Angellotti, J., Henshaw, J., and Lorigan, J., concurred.