[Sac. Nos. 2175 and 2176.   Department Two.—March 31, 1915.]

EMPIRE INVESTMENT COMPANY, Respondent on Appeal from Order and Appellant on Appeal from Judgment, v. C. E. MORT and W. P. WAGY, Appellants on Appeal from Order and Respondents on Appeal from Judgment.

NEW TRIAL—ORDER GRANTING—REVIEW ON APPEAL—INSUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT.—An order granting a new trial, on the ground among others that the evidence was insufficient to support the verdict, will not be disturbed on appeal where there was a conflict of evidence upon material issues, unless the court may say that a verdict in favor of the moving party would not have found sufficient legal support in the evidence adduced at the trial. This is the rule even in a case in which the judge who made the order did not preside at the trial.

VENDOR AND VENDEE—DEFAULT BY VENDEE IN POSSESSION—EJECTMENT BY VENDOR.—Under a written contract for the sale of land, which authorized the vendees to take and occupy the premises until they should make default, but provided that failure by them to perform

any of the covenants would, at the option of the vendor, terminate the contract and the interest of the vendees and give the vendor the right to re-enter and take possession, the vendor immediately upon the default of the vendees, became entitled to the possession and might maintain ejectment to obtain it. The vendees may not hold the premises and withhold the purchase price.

ID.—INDEPENDENT TORT OF VENDOR CANNOT BE SET UP AS DEFENSE OR COUNTERCLAIM—DESTRUCTION OF LEVEE—DAMAGE TO VENDEE'S CROPS.—In such action of ejectment, instituted by the vendor upon the default of the vendees in making the first payments called for by the contract, the vendees cannot set up as a defense or as a counterclaim, a tort committed by the vendor in blowing up a levee about the premises with the result that their crops were damaged by water and they were thus prevented from making the payments, where the contract merely provided for money payments by the vendees at specified times, and contained nothing suggesting that a crop was to be raised upon the land or that the payments were to be earned by a sale of any crops, and there were no precedent duties to be performed by the vendor before the vendees on the dates specified in the agreement should be bound to make the payments. Such tort did not effect a destruction of the subject-matter of the sale, or prevent a performance of the contract by the vendees or arise out of the same transaction as that on which the action of ejectment was based.

ID.—EVIDENCE—ORAL AGREEMENT RESPECTING LEVEES INADMISSIBLE.—Evidence is inadmissible of an oral agreement made by the parties at the time the written contract for sale was executed, imposing upon the vendor the obligation to keep in repair and build certain levees about the premises contracted to be sold, where such subject-matters, although discussed in the preliminary negotiations, were omitted from the culminating terms set forth in the written contract.

ID.—WRITTEN CONTRACT—PAROL EVIDENCE INADMISSIBLE TO ADD TERMS.—Where a written agreement purports to be complete, parol evidence is no more admissible for the purpose of adding terms to it than would such evidence be proper in an effort to vary the terms of the instrument itself.

ID.—FIXTURE ON REAL PROPERTY—EASEMENT—AGREEMENT AFFECTING WITHIN STATUTE OF FRAUDS.—The oral agreement was also inadmissible because it dealt with the creation of a fixture on real property and with the granting of an easement in real property. It was therefore within the statute of frauds.

AGENCY—EVIDENCE—EXTRAJUDICIAL STATEMENTS OF ALLEGED AGENT.—The extrajudicial statements or declarations *in pais* of an alleged agent are inadmissible for the purpose of establishing his agency.

APPEAL from a judgment of the Superior Court of Kings County and from an order granting a new trial. John G.

Covert, Judge presiding at trial; J. A. Allen, Judge presiding on motion for new trial.

The facts are stated in the opinion of the court.

H. Scott Jacobs, and John G. Covert, for Defendants, and Appellants on Appeal from Order; for Defendants and Respondents on Appeal from Judgment.

Scarborough & Bowen, for Plaintiff and Respondent on Appeal from Order; and for Plaintiff and Appellant on Appeal from Judgment.

MELVIN, J.—The Empire Investment Company, in September, 1910, entered into a contract with defendants whereby plaintiff agreed to sell and defendants to buy a tract of land in Kings County for something more than twenty-three thousand dollars, payable in annual installments. The first payment was due on November 1, 1911, but was not met by defendants, and plaintiff having elected to declare the contract forfeited and so to notify defendants, brought suit to recover possession of the tract and for damages for retention, alleging in its complaint that it was the owner in fee of the property. Defendants answered and upon issues thus joined and upon others, arising by reason of a pleading in the nature of a cross-complaint and an amendment to the answer (both of which defendants were permitted to file after the cause had come on for trial before the court and jury), the case was tried and judgment was given in favor of defendants. From this judgment plaintiff appealed during the preparation of the statement on motion for a new trial. Subsequently the motion for a new trial was granted and from the court's order in that behalf defendants have appealed. Both appeals are by stipulation heard together.

By the contract of sale and purchase, which admittedly was made by the parties hereto, it was provided, among other things, that Messrs. Mort and Wagy should take and occupy the premises until they should make default; that they should pay all taxes and all dues for water; that time was of the essence of the agreement; and that failure by the vendees to perform any of the covenants would, at the option of the vendor, terminate the contract and the interest of the vendees

and give the Empire Investment Company the right to re-enter and take possession of the land. These provisions of the agreement and others were set forth in plaintiff's amended complaint, and in addition to the allegation that no part of the purchase price had been tendered or received, it was averred that defendants had failed to settle the water rent and had, in fact, paid nothing under the contract; that upon their refusal, upon request of performance of the terms of that agreement, plaintiff had demanded possession of the land and notified defendants that it elected to terminate the agreement. The prayer was for the usual relief in such cases.

In their answer as originally filed defendants denied plaintiff's title to a part of the land in dispute and to the water-rights attached thereto and alleged that by plaintiff's fraud they had been prevented from learning such facts until long after the suit had been instituted; denied that plaintiff was entitled to possession of the land; admitted their own possession thereof; and denied that the water company had furnished water, as agreed, for the land or that they owed for water used on the premises. As a separate defense it was alleged that in June, 1911, plaintiff, by the blowing up of a certain levee, had caused the waters of the river to overflow the planted crops of defendants, thus preventing them from making the payments stipulated in the contract and damaging them in a large sum of money.

When the case came on for trial the court permitted the filing of an amended answer, setting up substantially all of the matters pleaded in the original answer, but introducing for the first time a counterclaim against plaintiff for the alleged damages suffered by defendants because of the overflow of the water.

On motion, the parts of the answer denying plaintiff's title to the land in controversy were stricken out on the ground that defendants were estopped from disputing such title. The court ruled that it would be taken as an admitted fact in the case that plaintiff owned the property described in the complaint.

Plaintiff thereupon offered evidence on the issue of the rental value of the premises after the default of defendants, and upon the matter of the furnishing of water to defendants

by the water company referred to in the complaint and the failure of defendants to pay for such water.

During the trial defendants sought unsuccessfully to introduce evidence of a certain oral agreement made by the parties at the time the written contract was executed; but subsequently by amendment to the answer they were allowed to plead it and in the trial to offer testimony in support of such oral agreement. The alleged verbal contract was, in brief, that if Messrs. Wagy and Mort would sign the written instrument which was then presented to them, the Empire Investment Company would complete the levee along the west line of the land now in question in the suit, being the east bank of Kings River; would repair the weak places in the levee; would bring it up to grade; and would construct and complete a levee along the south line of the property.

Plaintiff insists that, even upon the assumption of the absence of error from the court's ruling permitting the amendments and the testimony in support of them, defendants have no standing in their attack upon the order granting a new trial, for the reason that the facts forming the basis of the answer were all disputed. For example, defendants introduced testimony tending to show that one Howard Odale blew up the levee, thus causing a great and destructive flow of water over their crops and that Odale was the agent of plaintiff, acting within the scope of his employment. Plaintiff denied Odale's agency; and also the existence of any oral agreement binding it to repair any levees or to keep them in repair. These denials were all supported by testimony in conflict with that which defendants offered. One of the grounds upon which the court granted the motion for a new trial was insufficiency of the evidence to support the verdict. We may not disturb such an order where there was a conflict of evidence upon material issues unless we may say that a verdict in favor of the moving party would not have found sufficient legal support in the evidence adduced at the trial. (*Wendling Lumber Co.* v. *Glenwood Lumber Co.*, 153 Cal. 416, [95 Pac. 1029]; *Gordon* v. *Roberts*, 162 Cal. 509, [123 Pac. 288].) And this is the rule even in a case in which, as in this one, the judge who made the order did not preside at the trial. There was direct testimony that Odale was not employed by plaintiff at all, but was a servant of the Empire Water Company. Defendants introduced testimony of cir-

cumstances tending to show that Odale was the ostensible agent of plaintiff, but the existence of many of these circumstances was denied by plaintiff's witnesses. Both defendants gave testimony regarding the oral agreement, but they were flatly contradicted by plaintiff's witnesses. There was ample evidence in the record to have given support to a verdict in favor of plaintiff if such evidence had been accepted as true. Therefore under the pleadings, as they stood, the order should be affirmed.

As the case may be tried again we shall discuss some of the errors of law specified. Plaintiff contends that the action was one in ejectment and not on the contract. It is insisted that when defendants failed to perform the conditions of the contract plaintiff immediately became entitled to possession of the land and might maintain ejectment to obtain such possession. Defendants may not hold the premises and withhold the purchase price. Undoubtedly that is the rule. (*Gervaise* v. *Brookins,* 156 Cal. 104, [103 Pac. 329]; *Champion Gold Mining Co.* v. *Champion Mines,* 164 Cal. 205, [128 Pac. 315].) This is an action in ejectment. (*Haggin* v. *Kelly,* 136 Cal. 483, [69 Pac. 140]; *Newman* v. *Duane,* 89 Cal. 598, [27 Pac. 66]; *Kerns* v. *Dean,* 77 Cal. 557, [19 Pac. 817].) As against the issues tendered by such a pleading an independent tort was not available. There was nothing in the contract suggesting that a crop was to be raised upon the land or that the purchase price was to be earned by sale of the proceeds of any crop or crops. The contract provided for money payments at specified times. There were no precedent duties to be performed by plaintiff before defendants upon the dates indicated in the agreement should be bound to make payments. The alleged tort, therefore, had no relation to the payments under the contract. An act which amounts to prevention of the performance of a contract must be one which has relation to the subject thereof. The crops were not mentioned in the agreement. There was no sale of them to plaintiff and no pledge or understanding that the proceeds of the land should be devoted to the payment of the purchase price. Therefore this was not an instance of the destruction of the subject of the sale. There was nothing in the tort or its results which essentially interfered with the carrying out of the stipulations contained in the writing. A "prevention" must be a breach of some duty which one

CLXIX Cal.—47

party to the contract owes to the other as a condition precedent to performance. Therefore the tort was not properly pleaded as a defense to the action. (*Cox* v. *McLaughlin,* 54 Cal. 605; *Porter* v. *Arrowhead R. Co.,* 100 Cal. 500, [35 Pac. 146]; *Alderson* v. *Houston,* 154 Cal. 13, [96 Pac. 884].) For like reasons the counterclaim was not a proper one in such an action. The alleged tort of defendants and the tort of plaintiff averred by way of counterclaim did not arise out of the same transaction. In any event, such a counterclaim may not be set up in an action of ejectment. (*Wigmore* v. *Buell,* 116 Cal. 95, [47 Pac. 927].)

The counterclaim does not tend to defeat plaintiff's recovery. Plaintiff asked for possession of certain land. Defendants' demand was for a money judgment by way of damages. Plainly the two causes of action founded on tort were distinct and did not arise out of the same transaction. It was therefore error to allow the amendment introducing the so-called counterclaim. (*Yorba* v. *Ward,* 109 Cal. 108, [38 Pac. 48, 41 Pac. 793]; *Meyer* v. *Quiggle,* 140 Cal. 499, [74 Pac. 40]; *Glide* v. *Kayser,* 142 Cal. 420, [76 Pac. 50]; *Engebretsen* v. *Gay,* 158 Cal. 29, [109 Pac. 829].)

The trial court at first rejected all evidence regarding the oral agreement on the ground that no such contract had been pleaded. Subsequently and after amendment to the complaint evidence regarding it was received. Two of the questions submitted to the jury related to this oral understanding and the jury decided that plaintiff did enter into such agreement and failed to perform it. The secretary of plaintiff with whom, according to defendants, they made the oral contract, denied that he made any such arrangement with them. This conflict of testimony would prevent us, upon principles previously discussed herein, from disturbing the order granting a new trial. But plaintiff contends that evidence of the alleged contract was improperly admitted because by its terms the agreement was not independent of and collateral to the written contract. During the earlier negotiations between the contracting parties there were discussions with reference to the construction of levees to protect the land which defendants wished to purchase and a contract relating to the construction of such levees was prepared and inspected by defendants. Before the consummation of the negotiations the levees had been built and the contract in its

final form when it was signed by the vendees omitted all reference to the levees. The oral agreement dealt therefore with a subject which had been discussed in the preliminary negotiations and rejected from the culminating terms set forth in the written instrument and it sought to impose duties upon the vendor with reference to a part or appurtenance of the land mentioned in the agreement. It is contended that improvement of the levees and maintenance of them were two subjects upon which the written contract was silent and that therefore proof of an oral agreement regarding these matters was perfectly proper. But where a written agreement purports to be complete, parol evidence is no more admissible for the purpose of adding terms to it than would such evidence be proper in an effort to vary the terms of the instrument itself. (*Germain Fruit Co.* v. *Armsby Co.*, 153 Cal. 594; [96 Pac. 319]; *Johnson* v. *Bibb Lumber Co.*, 140 Cal. 98, [73 Pac. 730].) The oral agreement was also inadmissible because it dealt with the creation of a fixture on real property and with the granting of an easement in real property. It was therefore within the statute of frauds. Code Civ. Proc., sec. 1971; *Dorris* v. *Sullivan*, 90 Cal. 289, [27 Pac. 216]; *Hayes* v. *Fine*, 91 Cal. 398, [27 Pac. 772]; *Oliver* v. *Burnett*, 10 Cal. App. 408, [102 Pac. 223].)

Plaintiff attacks the sufficiency of the evidence offered for the purpose of proving Odale's implied agency existing at the time he blew up the levee, but as the evidence at the new trial may be totally different from that on the record before us we will not here discuss this contention. It was error, however, to admit testimony regarding Odale's extrajudicial statements or declarations *in pais* for the purpose of establishing his agency. (*Kast* v. *Miller & Lux*, 159 Cal. 728, [115 Pac. 932].)

No other alleged errors require discussion.

The order granting the motion of plaintiff for a new trial is affirmed, and as that order operates in effect to set aside the judgment, plaintiff's appeal from said judgment is dismissed.

Henshaw, J., and Lorigan, J., concurred.