[Sac. No. 2186.   Department Two.—November 16, 1915.]

EMPIRE INVESTMENT COMPANY, Appellant, v. C. E. MORT and W. P. WAGY, Respondents.

Vendor and Purchaser—Failure to Pay Installment of Purchase Price—Notice of Rescission—Retention of Possession by Vendees.—In an action of ejectment by the vendor against the vendees in possession under an executory contract of sale providing for the payment of the purchase price in installments at stated times, based upon a notice of rescission delivered to the vendees under a provision of the contract entitling the vendor to rescind in case of nonpayment of any installment, for the failure of the vendees to pay the second installment, the contention of defendants that they were excused from paying the second installment because of a previous notice of rescission based on their failure to pay the first installment is without foundation, because the vendees cannot take the position of not paying the purchase price and nevertheless retaining possession of the land.

APPEAL from a judgment of the Superior Court of Kings County.   Milton T. Farmer, Judge presiding.

The facts are stated in the opinion of the court.

Scarborough & Bowen, for Appellant.

H. Scott Jacobs, and John G. Covert, for Respondents.

MELVIN, J.—This action greatly resembles the one which was the subject of the appeals in *Empire Investment Co.* v. *Mort,* 169 Cal. 732, [147 Pac. 960]. The same parties are involved in the controversy and the same contract which was there under consideration is important in this suit. In this as in that case the Empire Investment Company is suing in ejectment for possession of the same land which that corporation sought to retake in the earlier litigation. This appeal is from a judgment adverse to plaintiff.

The other appeals were pending and undetermined when the day arrived which was specified in the contract of sale for the payment of the second installment on the purchase price. This sum not having been paid, the Empire Investment Company again brought suit in ejectment and for damages. Defendants answered, interposing equitable defenses, setting up their alleged rights under the contract of sale, and also interposed a plea in abatement based upon the pendency of the other action.

When the case was called for trial plaintiff demanded a hearing by the court upon the plea in abatement. It was held and the court determined the question presented by that defense adversely to the defendants. No serious contention that error was thus committed by the court is made on behalf of defendants, and we will therefore discuss the other alleged errors without further reference to this one.

The complaint was a simple pleading in ejectment and prayed damages for the unlawful retention by defendants of the property of plaintiff. By their answer defendants presented as an exhibit the same contract which was discussed in the opinion on the former appeal. The allegations of the complaint were traversed in the usual manner. As a separate defense the existence of the written agreement was alleged and pleaded by reference to the attached exhibit; and defendants averred further:

"That said defendants have kept and performed each and all of the terms of said written contract except when prevented by said plaintiff from the performance thereof;

"That on or about the 7th day of November, 1911, plaintiff notified defendants in writing that plaintiff elected that said agreement marked Exhibit A should cease and terminate and have no further force and effect, and that plaintiff should thereby be released from all obligation of law or equity to convey the property described in said Exhibit, and in and by said written notice, plaintiff demanded the immediate possession of said property and that defendants deliver possession thereof to plaintiff''; that defendants refused to comply with said demand, claiming that they had complied strictly with the agreement except when prevented by plaintiff from so doing; and that the Empire Investment Company had never retracted the written notice of November 7, 1911.

At the trial, against plaintiff's protest, the court propounded special interrogatories to the jury. The jurors found that on or before November 2, 1912, plaintiff notified defendants that the contract under which the latter had gone into possession of the land in controversy would no longer be performed by plaintiff; that said notice naturally tended to induce, and was intended to induce, the defendants not to make the offer of payment of November 2, 1912; and that plaintiff never notified defendants that the notice previously given by the former had been revoked. The jury also rendered a general verdict against the plaintiff. In its judgment the court followed the conclusions reached by the jury and decreed that the defendants were entitled to the possession of the property under and by virtue of the contract pleaded in their answer.

A part of the contract which the defendants themselves pleaded made time of the essence thereof. The proofs showed without conflict that no payment had been made of either of the installments of the purchase price. One of the defendants testified that no payment was made on November 1, 1911. He stated that demand, written and oral, was made on November 7th for the amount due with an excessive amount for interest; that he called attention to the excess, but did not offer to pay the balance *"at that time."* The witness said: "We did offer to pay the balance and pay it in full, but not at that time." It does not appear when or where or how the offer was made nor was there allegation or proof that at any time defendants were ready, able, or willing to perform their obligations arising under the contract or that

there was any offer after November 1, 1912. There was merely the bald conclusion set up in the answer that defendants had complied with all of the terms of the written agreement except when prevented by plaintiff from performing it.

One of the clauses of the written agreement provided that in the event the vendees should fail to pay the purchase price as therein stipulated the contract should, at the option of the vendor, "cease and terminate," and that the said vendor should be released from all obligation to convey. There was a stipulation that plaintiff held the legal title to the land. Evidently, therefore, the cause was tried and determined upon the theory that vendees of real property, while offering to pay nothing under the terms of their agreement, although the times of payment specified have long passed, may retain both the land and the purchase money, because the vendor, seeking to act under the very terms of the contract itself, has given notice of an intention to terminate it and to retake the premises. Counsel for defendants and the court evidently acted upon the theory that the defendants were excused from performing or offering to perform their part of the contract under the rule declared by subdivision 3 of section 1511 of the Civil Code. The notice by plaintiff that it elected to terminate the agreement and to retake the property could have no force if defendants were not in default. The position assumed by the vendor was not like that of a party to an agreement who declines to perform some condition precedent to payment of the purchase price. In such case the vendees would be excused from acting until the vendor was ready to perform. But in the transaction between the Empire Investment Company and the defendants, the former had performed its part of the agreement when possession of the property had been given to Messrs. Mort and Wagy. As we said in the decision of the appeals in the other case: "Defendants may not hold the premises and withhold the purchase price. Undoubtedly that is the rule. (*Gervaise* v. *Brookins,* 156 Cal. 104, [103 Pac. 329]; *Champion Gold Min. Co.* v. *Champion Mines,* 164 Cal. 205, [128 Pac. 315].) . . . The contract provided for money payments at specified times. There were no precedent duties to be performed by plaintiff before defendants upon the dates indicated in the agreement should be bound to make payments." The plaintiff's notice of forfeiture and demand for the restitution of the property were not

(as was said in the opinion in *Oursler* v. *Thacher*, 152 Cal. 745, [93 Pac. 1007]), "a repudiation or abandonment of the contract or a consent to a rescission thereof, any more than was the refusal of the vendor to convey in *Glock* v. *Howard & W. Colony Co.*, 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], an abandonment or a consent to a rescission."

No other alleged errors require discussion.

The judgment is reversed.

Henshaw, J., and Lorigan, J., concurred.