[Civ. No. 1401.   Third Appellate District.—December 3, 1915.]

## LUCY A. SWEET, Respondent, v. RICHVALE LAND COMPANY (a Corporation), et al., Appellants.

EJECTMENT—EXECUTORY CONTRACT OF SALE—RECOVERY OF POSSESSION BY VENDOR—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint in an action by a vendor to recover the possession of land of which the vendee was in possession under an executory contract of sale, which alleges ownership and right of possession in the plaintiff and the failure of the defendant to comply with the terms of the contract as to the payment of the price, followed by an allegation of demand for such payment or possession, states a cause of action in ejectment.

ID.—RECOVERY OF POSSESSION AND MONEY DUE—JOINDER OF CAUSES OF ACTION—ERROR WITHOUT PREJUDICE.—An objection that a cause of action for the money due under the contract had been improperly joined with the action for the recovery of the possession of the land, should be made by demurrer on that ground, but any error in such a misjoinder is without prejudice, where all claims for a money judgment are waived.

ID.—AMENDMENT OF COMPLAINT—CAUSE OF ACTION NOT CHANGED.— There is no error in allowing the plaintiff to amend the complaint after submission of the cause by adding thereto the allegation that the contract provided that in the event of a failure to comply with its terms, the defendant forfeited all rights to the property and the plaintiff was released from all obligations to convey.

ID.—JUDGMENT FOR POSSESSION—FORFEITURE INCLUDED.—In such an action a judgment for possession of the land necessarily involves the forfeiture of all rights of the defendant under the contract.

APPEAL from a judgment of the Superior Court of Butte County.   H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. Oscar Goldstein, for Appellants.

King & King, for Respondent.

BURNETT, J.—The action is in ejectment.   The basis of the controversy is an executory contract of sale, the parties thereto being plaintiff and one E. A. Rhinesmith, the latter's interest therein having passed by regular assignment to one John S. Hastings.   The complaint alleges ownership and the

right of possession of the property in plaintiff; that, on the first day of October, 1912, said Rhinesmith and plaintiff entered into a contract of sale and purchase of said land (setting out said contract); "that under said contract, said defendant took possession of said premises; that said contract provides that in event of a failure to comply with the terms of said contract, defendants forfeit all right to said property, and said plaintiff is released from all obligation in law or equity to convey said property." Then follow allegations of the various assignments of Rhinesmith's interest terminating in said defendant John S. Hastings, "who is now in possession of said premises." It further appears that a payment of six hundred dollars, due under said contract on October 1, 1914, together with interest on deferred payments, was not made; that demand was made for said payment or possession of the premises, but that both were refused and defendant "unlawfully withholds possession of said premises from plaintiff; that plaintiff has complied and is ready and willing to comply with all the terms of said contract."

That a cause of action in ejectment is thus stated is entirely clear, and the proposition needs no elaboration. It is sufficient to refer to *Haile* v. *Smith,* 128 Cal. 415, [60 Pac. 1032]; *Gervaise* v. *Brookins,* 156 Cal. 103, [103 Pac. 329]; *Empire Investment Co.* v. *Mort,* 171 Cal. 336, [153 Pac. 236]. The general demurrer of defendants was, therefore, properly overruled.

Defendants also contend that there was a misjoinder of two causes of action—that is, for the recovery of the possession of the realty and also of the amount of money due under the contract; furthermore, that defendant Richvale Land Company was improperly made a party defendant to the action. The demurrer, however, was as follows: "The defendants, Richvale Land Company, and John S. Hastings, appearing herein by their attorney, J. Oscar Goldstein, demur to the complaint herein upon the grounds: First: That the complaint does not state sufficient facts to constitute a cause of action against the defendants herein. Second: That the complaint joins several causes of action in one complaint and is uncertain and ambiguous."

Of course, if said defendants intended to rely upon a misjoinder of causes of action or of parties, it should have been specifically pointed out by the demurrer. Their effort in

that regard was equally defective as their assignment of uncertainty and ambiguity. It may be said, also, that if a demurrer had been interposed on behalf of said company alone, it probably would have been sustained. It is apparently true that no cause of action was stated against it, but the demurrer was a joint one on the part of said company and Hastings. So, also, in the subsequent proceedings they were treated by their attorney as sustaining the same relation to plaintiff and to the cause of action, and that the complaint and the evidence were sufficient as against Hastings there can be no kind of doubt.

Another thing to be stated is that plaintiff waived any claim for a money judgment, in fact eliminating that feature altogether from the case. So that if we concede that there was error in misjoining the said two causes of action, it is quite apparent that it was entirely without prejudice.

One or two other considerations remain to be noticed briefly. After the cause was submitted the court allowed an amended complaint to be filed to conform to the proof, and it is contended by appellants that thereby the cause of action was changed. But in this they are entirely mistaken. It is admitted by appellants that "the court had the right and power to allow an amended complaint to be filed to conform with the proof, even after submission of the case." This practice has, indeed, been approved many times by the appellate courts. It has, however, been held that under such permission plaintiff "is not entitled to file an amended complaint containing statements of new and distinct causes of action not contained in the original complaint." (*Bowman* v. *Wohlke,* 166 Cal. 121, [Ann. Cas. 1915B, 1011, 135 Pac. 37].) But a comparison of the original with the amended complaint here shows conclusively that no new cause of action was introduced by the latter. The only change of any moment was in adding the allegation "that said contract provides that in event of a failure to comply with the terms of said contract, that defendants forfeit all right to said property and said plaintiff is released from all obligations in law or equity to convey said property." This did not change nor affect the cause of action. The original complaint showed that this contract had been executed and that by failure of appellants to comply with its terms they had forfeited the right to the possession of the land. Indeed, the cause of action was grounded

29 Cal. App.—8

upon this failure to pay the installments as required by said contract, and all that could be said is that the amended complaint stated the cause of action somewhat more fully than the original. The truth is; as we conceive it, that there was no necessity for filing the amended complaint, but it did no harm, neither was it of any consequence that appellants had only one day's notice of it. Indeed, appellants seem to have relied upon said contract as they introduced it in evidence, and, of course, they were not prejudiced by an amendment to the complaint which simply added a formal allegation of one of the terms of said contract.

As to the judgment of forfeiture by appellants of all rights under the contract, it may be said that it was necessarily involved in the judgment for possession. The right of possession depended upon the question whether appellants had complied with or violated the terms of said contract. And having found that the payments had not been made as provided, it necessarily followed, under the agreement itself, that the contract was forfeited and therefore the right of possession of the land destroyed.

The two considerations were inseparably connected and the determination of one necessarily involved the other, although the essential purpose of the action was to secure the possession of the land.

The only part of the judgment, it may be said, of which the Richvale Land Company can complain is that awarding costs to the extent of $24.20. This seems to be unwarranted, since the complaint really states no cause of action against said defendant, and the evidence shows that said company had and claimed no interest in or to said property. The notice of appeal is somewhat defective, not being several in form, but, under the liberal practice prevailing now, we think it should be held sufficient as an appeal by said company from said portion of the judgment.

The judgment for costs against said Richvale Land Company is therefore reversed and in other respects the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.