[Sac. No. 2320.   Department Two.—June 6, 1917.]

## LOS MOLINOS LAND COMPANY (a Corporation), Respondent, v. T. C. MACKAY, Appellant.

VENDOR AND VENDEE—NOTICE OF RESCISSION BY VENDOR—PLEADING.—
Where a contract for the sale of land provided that if any installment of the purchase price, interest, or taxes should become and be in default for sixty days, the vendor might terminate all the rights of the holder of the contract by notice in writing, served personally or by mail, to the last known postoffice address of said holder, a complaint by the vendor, which after setting forth the vendee's default for more than sixty days in the payment of an installment of interest, avers that he was notified, on a day specified, in writing by mail at his postoffice address at a designated place, that his rights under the contract were terminated, the contract canceled, and all payments theretofore made were forfeited, shows a sufficient compliance with the terms of the agreement.

ID.—VENDEE IN POSSESSION—FRAUD OF VENDOR—SURRENDER OF POSSESSION.—A vendee in possession under a contract for the sale of land may rescind the contract for the fraud of the vendor only by surrendering the land to the latter. If he chooses to retain pos-

CLXXV Cal.—20

session under the contract, he may only do so by paying the purchase money and the interest according to the terms of the agreement.

ID.—EJECTMENT BY VENDOR AFTER VENDEE'S DEFAULT—COUNTERCLAIM BASED ON VENDOR'S FRAUD.—In an action by the vendor against the vendee to recover possession of the land, after the vendor's rescission of the contract on account of the vendee's default in the payment of the purchase price, the vendee cannot, either by answer or by way of counterclaim, set up the vendor's fraud or recover a money judgment by way of damages therefor, because such purported counterclaim does not arise out of the same transaction.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

P. H. Coffman, and A. H. Ludeman, for Appellant.

W. P. Johnson, for Respondent.

MELVIN, J.—Plaintiff sued to have a certain contract for the sale by it of land to the defendant declared at an end by reason of defendant's breach thereof; to obtain a decree for the removal of defendant from the land involved in the contract; and to quiet title to said real property. Defendant demurred to the complaint, and the demurrer being overruled, answered and also pleaded a counterclaim. Demurrers of plaintiff to defendant's pleadings were sustained without leave to amend, and after the taking of testimony judgment was entered in favor of plaintiff as prayed. From this judgment defendant appeals.

The only objection to the sufficiency of the complaint which is urged by appellant's counsel in their briefs is that the pleading does not indicate whether or not the defendant was served with notice to quit the premises prior to the commencement of the action. This objection is without merit. The contract, which was fully set forth in the complaint, provided that if any installment of the purchase price, interest, or taxes should become due and be in default for sixty days, Los Molinos Land Company might terminate all of the rights of the holder of the contract by notice in writing served personally or by mail to the last known postoffice address of said holder. The complaint, after setting forth the default of

defendant for more than sixty days in the payment of an installment of interest, avers that he was notified, on a day specified, in writing by mail at his postoffice address at Los Molinos, California, that his rights under the contract were terminated, the contract canceled, and that all payments theretofore made were forfeited. This was a sufficient compliance with the terms of the agreement, and the court properly overruled the demurrer to the complaint.

The complaint contains allegations to the effect that plaintiff and defendant executed the pleaded agreement; that defendant went into possession of the land under said contract; that he was then occupying the premises; that certain interest had become due for a period of more than sixty days; that said interest was still unpaid; that plaintiff, exercising its option given by the terms of the contract, had declared the said agreement at an end and the payment previously made on account of the purchase price forfeited. None of these allegations was denied by the answer, but defendant pleaded certain alleged fraudulent representations operating to induce defendant to purchase the land; the offer of defendant, on discovery of the fraud, to rescind the contract and restore the land on repayment of the amount paid on the purchase price; and plaintiff's refusal to accept the terms so offered. The counterclaim sets up the alleged fraudulent acts of plaintiff in inducing defendant to enter into the contract and prays recovery of $350, the initial payment on the purchase price, $350, alleged to have been expended by defendant in efforts to produce crops on the property, and one hundred dollars counsel fees.

The demurrers to the answer and counterclaim were properly sustained. A purchaser wishing to rescind a contract of this sort may only do so by surrendering the land to the vendor. He is then in a position to sue for the portion of the purchase price previously paid. Or if he chooses to retain possession under the contract, he may only do so by paying the purchase money and the interest according to the terms of the agreement. (*Gervaise* v. *Brookins,* 156 Cal. 103–108, [103 Pac. 329]; *Empire Investment Co.* v. *Mort,* 169 Cal. 732–737, [147 Pac. 960]; *Empire Investment Co.* v. *Mort,* 171 Cal. 336–339, [153 Pac. 236].) Having failed to deny any of the essential averments contained in the complaint, MacKay could not defend upon the theory that plaintiff had been

guilty of fraud. This is an action in ejectment, and an independent tort is not available against such a pleading. There was nothing in the contract by which the vendor guaranteed the quality of the land or its productiveness, and all of the allegations of fraud in the answer and counterclaim relate to misrepresentations and concealments regarding such matters. There was nothing in the fraud which prevented the defendant from carrying out the stipulations contained in the writing and then suing for the damages suffered because of plaintiff's misrepresentations and concealments, if any there were. Or he might have surrendered the land and sued while the contract was still of full vitality, praying for its rescission on account of the vendor's fraud and for damages. Having chosen to permit the vendor to rescind on account of his (the vendee's) own failure to comply with the terms of the contract, he is in no position to set up plaintiff's fraud either as an answer or by way of counterclaim as against the action in ejectment because such purported counterclaim may not be said to arise out of the same transaction. The counterclaim does not tend to defeat plaintiff's recovery which was for the repossession of the land after admitted breach of the contract of sale by the vendee. Defendant's demand was for a money judgment by way of damages, and cannot be said to arise out of the same transaction. (See *Empire Investment Co.* v. *Mort,* 169 Cal. 738, [147 Pac. 960], and cases there cited.)

Our conclusion upon this subject makes it unnecessary to discuss the sufficiency of defendant's allegations of fraud as matters of pleading.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.