[Civ. No. 2603.   Third Appellate District.—April 11, 1923.]

JOE RODRIQUEZ, Respondent, v. SIMONE SEVERINI, Appellant.

[1] ASSAULT AND BATTERY—ACTION FOR DAMAGES—NEW TRIAL—EVIDENCE.—In an action for damages for personal injuries resulting from an assault and battery, where the evidence is such as to warrant a verdict for either party, an order granting the plaintiff a new trial will not be disturbed.

[2] NEW TRIAL—CONFLICT OF EVIDENCE—APPEAL.—An order granting a new trial cannot be disturbed where there is a conflict of evidence upon material issues unless it may be said that a verdict in favor of the moving party would not have found sufficient legal support in the evidence adduced at the trial.

APPEAL from an order of the Superior Court of Yuba County granting a new trial. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

1. Inadequacy of verdicts in actions for personal injuries other than death, notes Ann. Cas. 1916B, 384, 450, 451, 454, 455, 457; L. R. A. 1915F, 491.

W. H. Carlin and W. P. Rich for Appellant.

Crofton & Wetmore for Respondent.

FINCH, P. J.—This is an appeal by defendant from an order granting plaintiff's motion for a new trial. The complaint alleges that the defendant "wrongfully, unlawfully, maliciously and violently assaulted plaintiff and struck him in the face and knocked him down upon said sidewalk, severely and permanently injuring said plaintiff"; that by reason thereof the plaintiff incurred hospital expenses in the sum of $115, doctor's bills in the sum of $128 and drug bills in the sum of $22.40, and was otherwise damaged in the sum of $10,000. The jury returned a verdict in favor of plaintiff for "$128.00 special damages for physician's services" and "$9.25 special damages for drugs."

At the time the injury was inflicted the plaintiff was eighty years of age and the defendant was "an able-bodied, vigorous man in middle age." While in conversation with a third man on the street, the defendant accidently stepped on plaintiff's foot, whereupon the latter remonstrated and in an altercation which followed the blow was struck of which complaint is made. Defendant's blow caused the plaintiff to fall to the sidewalk, his face striking the pavement. Either from the blow or the fall the plaintiff was rendered unconscious. The attending physician testified that plaintiff was partially paralyzed as a result of the injury and that his injuries are permanent. He was receiving $75 a month as janitor of a bank and the physician testified that, in his opinion, plaintiff would never be able to work again. It is apparent that if plaintiff was entitled to recover, the damages awarded are inadequate.

The defendant testified that when the blow was struck the plaintiff was endeavoring to strike him and that he struck the plaintiff to prevent the latter from striking defendant and that he did not strike plaintiff with his closed fist. He and another witness illustrated the manner in which the blow was struck, but the character of the illustration does not appear in the record. The plaintiff's condition at the trial was such that he could not give an intelligible account of the encounter.

From the testimony of other witnesses it appears that when the plaintiff fell to the sidewalk the defendant walked rapidly away; that he made some resistance when arrested shortly thereafter by an officer, so that the latter found it necessary to strike defendant on the head with a billy; that he admitted to the officer that he struck plaintiff, and when the officer asked why he did so the defendant replied: "It is none of your damned business"; and that, on being taken before the police court, the defendant entered a plea of guilty to a charge of battery upon plaintiff.

[1] The evidence was such as to warrant a verdict for either party. [2] "We may not disturb such an order where there was a conflict of evidence upon material issues unless we may say that a verdict in favor of the moving party would not have found sufficient legal support in the evidence adduced at the trial." (*Empire Investment Co. v. Mort,* 169 Cal. 732, 736 [147 Pac. 960, 962].)

The order is affirmed.

Plummer, J., *pro tem.,* and Burnett, J., concurred.