[Civ. No. 4635.  First Appellate District, Division Two.—December 8, 1923.]

F. W. ZETTLE et al., Respondents, v. MARTHA C. GILL-MEISTER, Appellant.

[1] VENDOR AND VENDEE — BREACH OF CONTRACT — EJECTMENT—MIS-REPRESENTATIONS OF VENDOR—DAMAGES—CROSS-COMPLAINT.—In an action by a vendor against the vendee to recover possession of land because of alleged breach by the vendee of the contract of purchase, the vendee may not, by cross-complaint, set up an action for damages because of the misrepresentations of plaintiff regarding the productivity of the land and the water supply thereon—a tort independent of the possessory right to the land which was the subject matter of plaintiff's complaint.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Rea & Caldwell and V. A. Chargin for Appellant.

Fry & Jenkins for Respondents.

LANGDON, P. J.—The plaintiffs commenced an action in ejectment against the defendant alleging that she had breached her contract with them by which she was to purchase certain real property in Santa Clara County, Cali-

fornia, and that she had forfeited her right to its possession. She denied the breach of the contract and pleaded that she had tendered to the plaintiffs the amount due thereunder. The difficulty had arisen, it seems, because of different interpretations placed upon the contract by the parties.

Defendant also alleged by way of cross-complaint that the contract under which she had purchased the land was induced by fraudulent representations on the part of the plaintiffs regarding the productivity of the land and the water supply thereon and that by relying upon such representations she had been damaged in the sum of $36,000, for which amount she asked judgment. The jury brought in a verdict for the defendant in the action in ejectment. The court refused to hear evidence upon the cross-complaint and no issue thereon was submitted to the jury. Defendant appeals from the judgment because it fails to grant her any relief upon her cross-complaint.

[1] Whether defendant's pleading be regarded as a counterclaim or a cross-complaint is immaterial. Its justification in the present action will depend upon whether or not it arises out of the same transaction as set forth in the complaint or is connected with the subject of the action set forth in the complaint, or relates to or depends upon the contract or transaction upon which the action is brought or affects the property to which the action relates. (Code Civ. Proc., secs. 438 and 442.)

Plaintiffs' action in ejectment was merely a possessory action; it did not involve the land itself or the title thereto. (*Porter* v. *Garrissino,* 51 Cal. 559; *Payne* v. *Treadwell,* 5 Cal. 310; 19 C. J. 1031.) The cross-complaint was an action for damages for a tort, asking for a money judgment. It did not relate to the possession of the land, nor affect the property to which the complaint relates. The right of action for the fraud did not arise under the contract between the parties, but was collateral to that contract. In the case of *Hines* v. *Brode,* 168 Cal. 507, 511 [143 Pac. 729], it was said: "It is a principle of universal application that the right of action for damages for a fraud arises at once immediately upon the consummation of the fraud and of course upon its discovery. The consummation of a fraud may arise in a contract executed or executory. But in either case the right of action immediately exists. This is

so, because even in the case of an executory contract the
action for fraud is not upon the contract, but is collateral
to the contract and is on the case. (Citing cases.)''

Plaintiffs' action in ejectment is not upon the contract;
it arises out of alleged unlawful possession by the defendant
and sounds in tort. In the case of *Empire Investment Co.*
v. *Mort,* 169 Cal. 732, 738 [147 Pac. 960], it was said: ''The
alleged tort of defendants and the tort of plaintiff averred
by way of counterclaim did not arise out of the same trans-
action. In any event, such a counterclaim may not be set
up in an action of ejectment. (*Wigmore* v. *Buell,* 116 Cal.
95 [47 Pac. 927].)

''The counterclaim does not tend to defeat plaintiff's re-
covery. Plaintiff asked for possession of certain land. De-
fendants' demand was for a money judgment by way of
damages. Plainly the two causes of action founded on tort
were distinct and did not arise out of the same transaction.
It was therefore error to allow the amendment introducing
the so-called counterclaim. (Citing cases.)''

The contract for the purchase of the land set out in the
complaint contains no statement as to the productivity of
the land or as to the water supply or any of the other state-
ments alleged in the cross-complaint to have been fraudu-
lently made by plaintiffs.

In the case of *Los Molinos Land Co.* v. *MacKay,* 175 Cal.
305 [165 Pac. 926], a vendor sued a vendee of land in eject-
ment, alleging that the vendee had failed to make his pay-
ments under the contract of purchase, as in the present case.
The vendee set up a counterclaim for damages arising out
of certain alleged fraudulent representations and prayed for
a money judgment. The court said: ''This is an action in
ejectment, and an independent tort is not available against
such a pleading. There was nothing in the contract by which
the vendor guaranteed the quality of the land or its produc-
tiveness, and all of the allegations of fraud in the answer and
counterclaim relate to misrepresentations and concealments
regarding such matters. There was nothing in the fraud
which prevented the defendant from carrying out the stipu-
lations contained in the writing and then suing for the dam-
ages suffered because of plaintiff's misrepresentations and
concealments, if any there were. Or he might have surren-
dered the land and sued while the contract was still of full

vitality, praying for its rescission on account of the vendor's fraud and for damages. Having chosen to permit the vendor to rescind on account of ,his (the vendee's) own failure to comply with the terms of the contract, he is in no position to set up plaintiff's fraud either as an answer or by way of counterclaim as against the action in ejectment because such purported counterclaim may not be said to arise out of the same transaction. The counterclaim does not tend to defeat plaintiff's recovery which was for the repossession of the land after admitted breach of the contract of sale by the vendee. Defendant's demand was for a money judgment by way of damages, and cannot be said to arise out of the same transaction. (See *Empire Investment Co.* v. *Mort,* 169 Cal. 738 [147 Pac. 960], and cases there cited.)''

Appellant attempts to distinguish the case last cited from the instant case by pointing out that in the former the vendee, admittedly, was in default, while in the latter the jury found that the vendee was not in default on her contract and was not wrongfully in possession of the land. The unqualified principle that a defendant in ejectment may not set up as a counterclaim a tort of the plaintiff not arising out of the same transaction is involved in the two cases and the language used in *Los Molinos Land Co.* v. *MacKay,* *supra,* is very definitely broad enough to control the present case. The reasons for the rule, as stated in the cases herein cited, are the statutory one that such a counterclaim does not arise out of the same transaction as the cause of action stated in the complaint, and that it does not tend to defeat plaintiff's recovery if he is able to prove the facts alleged in his complaint. These reasons are not affected by the incidental fact that upon trial the issues in the ejectment suit may be found in favor of the defendant.

The case of *Roffinella* v. *Roffinella,* 191 Cal. 753 [218 Pac. 397], is relied upon by appellants. That was an action to enforce specific performance of a lease of land alleged to have been made orally and partially executed so as to remove the same from the operation of the statute requiring it to be in writing. A cross-complaint in ejectment was filed. The causes of action stated in the complaint and in the cross-complaint were intimately connected as stated in the opinion of the court; both related to possessory rights in

the same land. However, in the instant case, as has been pointed out, the cross-complaint sought to set up an action for damages because of the misrepresentations of the plaintiffs—a tort independent of the possessory right to the land which was the subject matter of the plaintiffs' complaint.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.