[Civ. No. 4405. Third Appellate District.—December 2, 1931.]

FRANCISCO ALTIERI, Appellant, v. F. B. McKEVITT COMPANY (a Corporation), Respondent.

Vincent W. Hallinan, Michael Riordan, W. Earl Shafer and T. R. Hart for Appellant.

William M. Malone and W. U. Goodman for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to recover damages in the sum of $50,000 on account of the alleged destruction of a vineyard growing upon the lands of plaintiff. It was tried before a jury, and a verdict rendered for plaintiff in the sum of $10,000. The court granted a new trial, based upon the insufficiency of the evidence, and this appeal is taken from the order granting the new trial.

While in possession of the land of plaintiff, under a crop mortgage, defendant uprooted and removed a number of grape-vines. Among these vines a number of young fruit-trees had been planted. The entire controversy arose over

the question as to whether or not it was good husbandry to remove these vines, and whether or not the vines had any value. Upon this matter the evidence is in absolute conflict. For illustration, one witness testified that the vines were old and valueless. On the other hand, plaintiff testified that the 6,000 vines were worth some $6 each.

We have no power to disturb the order appealed from, as there was a conflict upon material issues. We cannot say that a verdict in favor of the moving party would not have sufficient legal support in the evidence adduced at the trial. (*Empire Investment Co* v. *Mort,* 169 Cal. 736 [147 Pac. 960].)

The appeal has no semblance of merit. The rule upon appeal in such cases has been reiterated so many times, that it seems almost a waste of time and money for the losing party to proceed beyond the trial court, to which a broad discretion has been committed. A more strict adherence to this rule would go a long way toward relieving the congestion of our appellate courts.

The order is affirmed.

Plummer, J., and Preston, P. J., concurred.