NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  ALBERT S. AN and LAURI I. AN,<br><br>Debtors.<br>_____<br><br>ALBERT S. AN and LAURI I. AN,<br><br>Appellants,<br><br>   v.<br><br>IL YOON KWON and COASTAL ASSET MANAGEMENT, LLC,<br><br>Appellees. | No.    16-60071<br><br>BAP No. 16-1001<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Faris, Bankruptcy Judges, Presiding

Submitted February 6, 2018**
Pasadena, California

Before:  GRABER and HURWITZ, Circuit Judges, and MARBLEY,*** District

_____

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***      The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Judge.

Albert S. and Lauri I. An, husband and wife, appeal a Bankruptcy Appellate Panel ("BAP") decision affirming in part the bankruptcy court's holding that a state-court judgment was not dischargeable under 11 U.S.C. § 523(a)(6) as to Albert, but reversing that determination as to Lauri. We have jurisdiction under 28 U.S.C. § 158(d) and affirm.

1. The Ans argue that 11 U.S.C. § 523(a)(6) does not apply, because the judgment was the result of a landlord-tenant dispute that "sounded in contract." But the ejectment action that gave rise to the judgment arose "out of alleged unlawful possession by the defendant[s], and sounds in tort." *Zettle v. Gillmeister*, 222 P. 645, 646 (Cal. Dist. Ct. App. 1923); *see also Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1205 (9th Cir. 2001) (holding that § 523(a)(6) excepts from discharge debts arising from "*tortious conduct*" (quoting *Snoke v. Riso* (*In re Riso*), 978 F.2d 1151, 1154 (9th Cir. 1992))).

2. The BAP did not err in concluding that the judgment was not dischargeable against Albert. The bankruptcy court reasonably determined that the injury to Kwon was "willful and malicious." *See* 11 U.S.C. § 523(a)(6). Substantial evidence supported the court's determination that the injury was willful because Albert "did not believe that there was an oral agreement to own an interest in the property," and "his intention . . . was . . . to continue riding the gravy train for as long as possible

2

at Mr. Kwon's expense." *See In re Jercich*, 238 F.3d at 1208 (holding that "the willful injury requirement . . . is met when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur"). The Ans do not "specifically and distinctly" contest on appeal that the injury was malicious, so we deem that issue waived. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).[1]

**AFFIRMED.**

---

[1] The Ans also argue that the bankruptcy court erred in finding the judgment non-dischargeable as to Lauri. But the BAP reversed that portion of the bankruptcy court's order, and there is no cross-appeal.